## Milward, &c. *vs.* Lair.

ERROR TO HARRISON CIRCUIT.     Case 15.

Judge MARSHALL delivered the opinion of the court.   June 30.

1. A bill in chancery to attach and sell, for payment of debt, the lands of a non-resident, must be filed in the county where the land is situated. A suit to subject effects of a non-resident in the hands of third persons, must be brought in the county of the residence of the debtor, or the holder of his effects, or in which he may be served with process—or where the effects may be situated, if in possession of no one who can be sued.

2. To authorize a personal decree against a defendant, sued by his surname alone, and a return upon the subpœna in the same form, there should be something appearing to show the identity of the party served—such service being indispensable to give jurisdiction to the court.

Case stated.

This bill, upon its face, seems to be a mere attachment bill. It does not ask for a personal decree, nor seek either a discovery or an account, but claiming certain balances against the defendants, and alleging that they are non-residents and own a pork house in Covington, prays that they may be enjoined from disposing of it, and that it may be sold for satisfaction of the complainant's demand. The rendition of a decree by default for the balances stated in the bill and at the earliest opportunity, shows that discovery or account was neither desired nor considered necessary.

MILWARD, &c.
vs.
LAIR.

1. A bill in chancery to attach and sell, for payment of debt, the lands of a non-resident, must be filed in the county where the land is situated. A suit to subject effects of a non-resident in the hands of third persons, must be brought in the county of the residence of the debtor, or the holder of his effects, or in which he may be served with process---or where the effects may be situated, if in possession of no one who can be sued.

Regarding the bill as a proceeding to sell the land of non-resident debtors for satisfaction of their debt, we are satisfied that it makes out no case for the jurisdiction of the circuit court of Harrison county, in which it was filed, because the estate sought to be sold is not shown to be in that county, but is shown to be in a different county—that is, it is shown to be in the city of Covington, which the court judicially knows to be in Kenton county.

The act of 1827, (*Stat. Law*, 98,) the first that authorizes a bill for subjecting the lands of non-resident debtors, authorizes it to be filed only in the circuit court of the county in which the land, or some part of it, lies. The statute of 1837, (3 *Stat. Laws*, 12,) though not defining the court in which the bill is to be filed, must be construed with reference to the pre-existing laws on the subject, and cannot be understood as enlarging or in any manner affecting the territorial jurisdiction of the courts of equity. When the statute says, the creditor may, in the specified cases, file a bill in chancery, without designating the particular court, it means in the proper court—that is, in the court which has jurisdiction. If land is to be subjected, it must be in the court of that county in which the land is situated ; if a debt or effects of a non-resident are to be subjected, it must be in the court of that county in which his debtor, or the holder of his effects resides or is served with process, or in that county in which his effects are situated, if they be in the possession of no one who can be sued.— The Harrison circuit court had, therefore, no jurisdiction under either of these statutes, nor under any other within our knowledge, to attach and sell this land as the land of a non-resident debtor.

It is contended, however, that the bill makes out a ground for a personal decree in respect to which the suit is transitory, and that one of the non-resident debtors having been served with process in Kenton county and the other in the county of Harrison, the court of this last county had jurisdiction. But al-

though the bill shows that the demand set up originated in the deposit with the defendants, (doing business in Covington as packers of pork and forwarding and commission merchants,) of large quantities of pork to be cured and packed, and alleges that they had, upon request, refused to account, it also states that they had converted the pork to their own use, states its market value at the time and place as cured and ready for market, states the sums paid on account of it to the complainant and his assignor, and claims the difference as the balance due. It might as well be said that the bill claims satisfaction for a *tort*, as that it seeks the enforcement of a trust. It claims a specific sum without any aid from the defendants for its ascertainment, and without answer, proof, or account taken, that sum is decreed. We think it would require an extraordinory liberality of construction to deduce from the bill a ground of jurisdiction to render a personal decree. And we do not find in the circumstances under which the proceeding was conducted and the decree taken, any ground for extending such liberality. On the contrary, we think the bill and proceedings upon it require a severe scrutiny, not only because the decree was taken as by confession, for the want of answer at the earliest possible opportunity and perhaps too soon, but because the defendants or their counsel, if they read the bill, would not have anticipated a personal decree, because a new party, made by amended bill, had not been served with process when the cause was heard, and a discontinuance as to him could not have been anticipated as the means of bringing the case to a hearing. And, because, after the decree was rendered, but at the same term, and the first term at which the defendants were required to answer, they did, in fact, tender, and by leave of the court file an answer, under circumstances which render it probable that they were ignorant of the existence of the decree, which was left standing without any motion with respect to it.

2. To author-
ize a personal
decree against a
defendant, sued
by his surname
alone, and a re-
turn upon the
subpœna in the
same form,
there should be
something ap-
pearing to show
the identity of
the party serv-
ed—such ser-
vice being in-
dispensable to
give jurisdic-
tion to the
court.

Then, if the bill did make out a case for a personal decree, and if under the assignment of errors the circumstances just stated furnish no available ground of reversal, the question still remains, whether either of the debtors was in fact served with process in Harrison county. The bill names them fully as Henry Milward and Percival Oldershaw. The subpœna was served on Henry Milward, in Kenton county. The subpœna to Harrison did not name Percival Oldershaw, but was against —— Oldershaw alone, and was returned not as being executed on Percival Oldershaw, but as executed upon Oldershaw. There is nothing in the subpœna or the return to identify the Oldershaw on whom the process was served, as being Percival Oldershaw the defendant in the bill. And the return was not sufficient to authorize a decree for want of answers, nor to give jurisdiction to the court even in a transitory action.

The assignment of errors though awkwardly drawn, objects to the nature and extent of the decree, and also to the taking of the bill for confessed, and is deemed sufficient to embrace the question of jurisdiction as well as the sufficiency of the process and return. Wherefore the decree is reversed, and the cause remanded with directions to dismiss the bill without prejudice.

*Morehead & Stevenson,* for plaintiff; *Harlan,* for defendant.